**FILED**
CLERK, U.S. DISTRICT COURT

03/05/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: ___DM___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2020 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ZE'SHAWN STANLEY CAMPBELL,<br>　aka "Zeshawn Stanley<br>　　　Campbell" and<br>　　　"Ze,"<br><br>　　　　Defendant. | CR 2:21-cr-00099-MCS<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 1957: Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity; 18 U.S.C. § 1344(2): Bank Fraud; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft] |

　　The Grand Jury charges:

COUNTS ONE THROUGH FIVE

[18 U.S.C. § 1343]

A.　INTRODUCTORY ALLEGATIONS

　　At times relevant to this Indictment:

　　1.　Defendant ZE'SHAWN STANLEY CAMPBELL, also known as "Zeshawn Stanley Campbell" and "Ze," was a resident of Los Angeles and Orange Counties.

　　2.　The United States Navy Sea, Air, and Land Teams ("Navy SEALs") was the United States Navy's primary special operations force and a component of the Naval Special Warfare Command. The Navy SEALs

were a prestigious and exclusive component of the United States armed forces.

3. From in or about February 2017 to in or about March 2018, defendant CAMPBELL exercised sole control over a Wells Fargo bank account in the name of INDVLS (the "INDVLS Account").

4. From in or about February 2019 to in or about August 2019, defendant CAMPBELL exercised sole control over a Wells Fargo bank account in the name of defendant CAMPBELL (the "CAMPBELL Account").

B. THE SCHEME TO DEFRAUD

5. Beginning on a date unknown to the Grand Jury, but no later than in or about April 2014, and continuing through at least in or about April 2020, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere, defendant CAMPBELL, knowingly and with intent to defraud, devised, participated in and executed a scheme to defraud victims as to material matters, and to obtain moneys, funds, assets, and other property owned by and in the custody and control of victims by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts, which scheme affected financial institutions.

6. The fraudulent scheme operated and was carried out, in substance, as follows:

    a. Defendant CAMPBELL befriended and engaged in romantic relationships with victims.

    b. Defendant CAMPBELL made false representations to convince victims that he was creditworthy and knowledgeable about investments because he was wealthy, reliable, and successful, including:

2

          i. that he had millions of dollars in various bank accounts, which he fraudulently supported by showing victims false bank statements that purported to show such balances;

          ii. that he owned a lucrative chain of gyms in Texas;

          iii. that he owned several McDonald's franchises;

          iv. that he owned a successful security business that regularly worked with the military;

          v. that he operated a successful business purchasing and renovating homes;

          vi. that he had success investing funds in bitcoin; and

          vii. that he was a Navy SEAL that had served in the Iraq and Afghanistan wars.

    c. Defendant CAMPBELL fraudulently induced victims to provide money and property to him, including in the form of purported loans and investments, by making the following material false statements, representations, and promises, among others, to victims, which defendant CAMPBELL knew were false when he made them:

          i. that he would repay the money he borrowed from victims in a short, specified period of time;

          ii. that he had the means to repay victims loaning him money;

          iii. that he would use certain money provided by Victims Nos. 1 and 2: (a) to invest in a real estate venture that was to renovate and then sell properties at a profit and (b) as a loan to pay defendant CAMPBELL's purported medical bills;

          iv. that he would use certain money provided by Victim 3 to invest in Bitcoin;

    v. that he would use certain money provided by Victims Nos. 4, 5, 6, and 7 for specific purposes that would secure and increase defendant CAMPBELL's ability to repay the loans, including: (a) telling Victim Nos. 4, 5, 6, and 7 that he would use the loan proceeds to increase his ownership stake in and make renovations to a chain of gyms in Texas; (b) telling victim No. 7 that he would use the loan proceeds to purchase McDonald's restaurants; and (c) telling Victim No. 7 that he would use the loan proceeds to pay the salaries of employees of his security business; and

    vi. that he would pay any charges incurred by Victim Nos. 1, 4, 7, 8, 9, and 10 on apartment lease agreements, car leases, and credit cards that defendant CAMPBELL would open in victims' names.

  d. Defendant CAMPBELL supported his fraudulent statements by signing agreements falsely promising to repay the funds by specific dates and purportedly giving victims an ownership stake in particular projects, and showing victims fabricated purchase contracts and communications with the purported sellers.

  e. As a result of these false statements, representations, and promises, defendant CAMPBELL caused victims to wire money, including funds victims had saved for retirement, to bank accounts he controlled and provide him with cashier's checks, personal checks, and cash.

  f. After accepting victims' funds, defendant CAMPBELL did not use the funds as he had represented and promised, but instead used the funds to buy luxury items for himself, make payments on cars

leased and purchased in victims' names, pay personal debts, and for other personal expenses.

    g.    When victims refused to and stopped entrusting money to defendant CAMPBELL, he applied for and obtained loans and credit cards, including from financial institutions, in their names without their knowledge and authorization.

    h.    Defendant CAMPBELL caused victims to suffer over $1,000,000 in losses.

C. <u>USE OF WIRES</u>

7. On or about the following dates, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere, defendant CAMPBELL, for the purpose of executing the above-described scheme to defraud, transmitted and caused the transmission of the following items by means of wire communication in interstate commerce:

| <u>COUNT</u> | <u>DATE</u> | <u>INTERSTATE WIRING</u> |
|---|---|---|
| ONE | 08/10/2017 | Transfer of approximately $100,000 from a retirement account in the name of Victim No. 7, by means of interstate wires, to the INDVLS Account in Los Angeles, California. |
| TWO | 09/18/2017 | Transfer of approximately $40,000 from a bank account in the name of Victim No. 7, by means of interstate wires, to the INDVLS Account in Los Angeles, California. |

5

| COUNT | DATE | INTERSTATE WIRING |
|---|---|---|
| THREE | 12/22/2017 | Deposit of approximately $61,452 drawn on a bank account in the name of Victim No. 3, by means of check and interstate wires, into the INDVLS Account in Los Angeles, California. |
| FOUR | 01/24/2019 | Transfer of approximately $50,000 from a retirement account in the name of Victim No. 1, by means of interstate wires, to a bank account in the name of Victim No. 1 in Stanton, California. |
| FIVE | 04/24/2019 | Transfer of approximately $10,000 from a bank account in the name of Victim No. 2, by means of interstate wires, to the CAMPBELL Account in Los Angeles, California. |

COUNT SIX

[18 U.S.C. § 1957]

8. The Grand Jury re-alleges paragraphs 1, 3, 5, and 6 of this Indictment here.

9. On or about December 27, 2017, in Los Angeles County, within the Central District of California, and elsewhere, defendant CAMPBELL knowingly engaged in a monetary transaction of a value greater than $10,000, involving funds he knew to be criminally derived property, by withdrawing approximately $20,000 in cash from the INDVLS Account, and such property, in fact, was derived from a specified unlawful activity, namely, wire fraud, in violation of Title 18, United States Code, Section 1343, as charged in Counts One through Five of this Indictment.

COUNTS SEVEN AND EIGHT

[18 U.S.C. § 1344(2)]

A. INTRODUCTORY ALLEGATIONS

10. The Grand Jury re-alleges paragraph 1 of this Indictment here.

11. At times relevant to Counts Seven and Eight, Discover Bank, Bank of America, N.A.; Capital One Bank, N.A.; J.P. Morgan Chase, N.A.; Citibank, N.A.; and USAA Federal Savings Bank were federally-insured financial institutions.

B. THE SCHEME TO DEFRAUD

12. Beginning on a date unknown to the Grand Jury, but no later than in or about April 2014 and continuing through at least in or about January 2018, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere, defendant CAMPBELL knowingly and with intent to defraud, executed a scheme to obtain money, funds, credits, assets, and other property owned by, and under the custody and control of Discover Bank, Bank of America, N.A., Capital One Bank, N.A., J.P. Morgan Chase, N.A., Citibank, N.A., USAA Federal Savings Bank, and other financial institutions (the "victim financial institutions"), by means of false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

13. The scheme to defraud operated and was carried out, in substance, in the following manner and by the following means:

    a. Defendant CAMPBELL obtained the names, dates of birth, social security numbers, and other personal identifying information of real people.

    b. Defendant CAMPBELL used the personal identifying information of these real people ("victim accountholders") to obtain

8

loans and credit cards from the victim financial institutions. In so doing, defendant CAMPBELL falsely represented to the victim financial institutions that the victim accountholders had applied for the fraudulent loans and credit card accounts and that the victim accountholders intended to repay the fraudulent loans and pay for the charges made to the fraudulent credit card accounts.

   c. Defendant CAMPBELL did not intend and knew the victim accountholders did not intend to repay the fraudulent loans or pay for the goods and services charged to the fraudulent credit card accounts.

   d. After causing charges to be incurred on the credit cards, defendant CAMPBELL then submitted and caused to be submitted fraudulent payments to the victim financial institutions in order to purportedly pay down the balances on the fraudulent credit card accounts. As a result, the amount of credit available on the fraudulent credit card accounts would be increased.

   e. Once defendant CAMPBELL became aware that the victim financial institutions had credited the fraudulent payments to the fraudulent credit card accounts – and thus, restored the credit available – defendant CAMPBELL made additional charges to the fraudulent credit card accounts before the victim financial institutions discovered that the payments were fraudulent. When he made these additional charges, defendant CAMPBELL did not intend to pay the charges and knew that the victim accountholders would not pay the charges.

   f. After the fraudulent payments were discovered and reversed by the victim financial institutions, and after the new charges were incurred, defendant CAMPBELL did not repay the

9

fraudulent loans or pay the balances due on the fraudulent credit cards.

C.    EXECUTIONS OF THE FRAUDULENT SCHEME

14.   On or about the following dates, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere, defendant CAMPBELL committed the following acts, each of which constituted an execution of the fraudulent scheme:

| COUNT | DATE | ACT |
| --- | --- | --- |
| SEVEN | 04/14/2014 | Deposit of $25,000 in proceeds from a fraudulent loan obtained from USAA Federal Savings Bank in the name of Victim No. 9 into a USAA bank account in the names of defendant CAMPBELL and Victim No. 9 in Irvine, California. |
| EIGHT | 09/17/2016 | Use of a fraudulent credit card issued by Discover Bank in the name of Victim No. 10 to purchase $1,500 in goods from Magnolia Hi Fi in Costa Mesa, California. |

COUNT NINE

[18 U.S.C. § 1028A(a)(1)]

15. Beginning on or about September 3, 2016, and continuing to on or about September 17, 2016, in Los Angeles County, within the Central District of California, and elsewhere, defendant ZE'SHAWN STANLEY CAMPBELL, also known as "Zeshawn Stanley Campbell" and "Ze," knowingly possessed and used, without lawful authority, means of identification that defendant CAMPBELL knew belonged to another person, that is, the name, date of birth, and social security number of Victim No. 10, during and in relation to Bank Fraud, a felony violation of Title 18, United States Code, Section 1344(2), as charged in Count Eight of this Indictment.

A TRUE BILL

/S/
Foreperson

TRACY L. WILKISON
Acting United States Attorney

*Brandon Fox*
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section

POONAM G. KUMAR
Assistant United States Attorney
Deputy Chief, Major Frauds Section