```
E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
RANEE A. KATZENSTEIN (Cal. Bar No. 187111)
Assistant United States Attorney
Chief, Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2432
     Facsimile: (213) 894-6269
     E-mail:    poonam.kumar@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 21-99-MCS |
|---|---|
| Plaintiff, | GOVERNMENT'S EXHIBITS IN SUPPORT OF SENTENCING POSITION |
| v. | Hearing Date: March 27, 2023 |
| ZE'SHAWN STANLEY CAMPBELL, | Hearing Time: 3:00 p.m. |
| Defendant. | Location:     Courtroom of the Hon. Mark C. Scarsi |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Ranee A. Katzenstein, hereby files its Exhibits in Support of Sentencing Position for defendant ZE'SHAWN STANLEY CAMPBELL in this matter.[1]  The government submits these exhibits in response to defendant's Objections to Pre-Sentence Report (Dkt. No. 73).  In the Objections, defendant states

---

[1] All of these exhibits were previously produced to defendant in discovery.  The attached copies have been redacted to remove personal identifying information of the victims.

that "the amount of economic loss" from his offenses "was somewhere between $200,000 and $300,000." (Dkt. 73 at 11.) Defendant further states that "[t]he defense will concede that if the government's sentencing memorandum provides additional information as to economic loss, or if the defense is not accurate in its representation of what it believes the government's argument is, the numbers may change." (Id.)

Attached hereto are the following exhibits:

1. Memorandum of Interview on 12/5/2019 (FBI Form 302) of victim M.G. regarding cash provided to defendant in June-July 2017 and January-March 2018 and referenced bank statements. These cash transfers total **$285,099.**
2. Bank Statement for INDVLS Wells Fargo Account showing transfer on August 10, 2017, from victim M.G.'s Ameritrade account in the amount of **$100,000.**
3. Bank Statement for INDVLS Wells Fargo Account showing transfers from victim M.G. on September 18, 20, 25, 27, and 29, 2017, in the total amount of **$201,000.**
4. Chase Confirmation of Forgery re Credit Card in the name of victim M.G. and Memorandum of Interview on 8/9/2019 (FBI Form 302) stating at page 8 that M.G. told Chase that the card had been opened fraudulently. The fraudulent charges total **$36,966.33.**
5. Cashier's Checks and excerpt from defendant's Wells Fargo bank account X0270 statement showing transfers from victims K.H. and M.H to defendant in the total amount of **$172,952.98.**
6. Real Estate Joint Venture Agreement between defendant and victim K.H.

7. Check and bank records showing transfer from victim J.Q. to defendant in the amount of **$61,452**.
8. Records from BMW Financial Services showing $52,849.35 loss from car leased in victim D.W.'s name and Memorandum of Interview on 10/1/2019 (FBI Form 302) stating at page 3 that defendant had fraudulently obtained the car in her name, and a loss of $17,355.68 from car leased in victim M.G.'s name, for a total loss from these two vehicles of **$70,205.03.**
9. Record from Hoag Hospital Irvine dated 7/05/2015 showing that medical history of tumors and possible Hodgkin's lymphoma was "provided by patient."
10. Last Will and Testament of Ze'shawn Campbell provided by defendant to victims K.H. and M.H., purporting to bequeath $1,000,000 to K.H. and $1,500,000 to M.H.

The government submits these exhibits in support of a loss enhancement under Sentencing Guideline § 2B1.1(b)(1)( H) of 14 levels because the loss exceeded $550,000. (See PSR ¶ 39.) and to address certain assertions made in defendant's sentencing position  The actual losses are greater than the losses reflected in these exhibits, as set forth in the PSR (id. ¶ 146).  The government requests, pursuant to 18 U.S.C.§ 3664(d)(5), that the Court set a date within 90 days of sentencing for the final determination of the
///
///
///

victims' losses in this case for purposes of determining the correct amount of restitution to be ordered.

| Dated: March 27, 2023 | Respectfully submitted, <br><br> E. MARTIN ESTRADA <br> United States Attorney <br><br> MACK E. JENKINS <br> Assistant United States Attorney <br> Chief, Criminal Division <br><br> /s/ <br> RANEE A. KATZENSTEIN <br> Assistant United States Attorney <br> Chief, Major Frauds Section <br><br> Attorneys for Plaintiff <br> UNITED STATES OF AMERICA |
|---|---|